UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES THEODORE SHARKEY<br><br>Plaintiff,<br><br>v.<br><br>NEVADA ORTHOPEDIC SPINE CENTER, ROBERT KAPLAND, KEVIN R. GOLSHANI, JANE DOE NURSES AND ASSISTANTS (1-10),<br><br>Defendants. | Case No. 2:20-cv-00792-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE:  ECF Nos. 1 and 1-1** |

Plaintiff seeks to proceed in this action *pro se* and requests the Court grant him *in forma pauperis* status pursuant to 28 U.S.C. § 1915. ECF No. 1. Plaintiff's submission includes his Complaint at ECF No. 1-1. Also before the Court is Plaintiff's Motion for Leave to File Pleadings Electronically (EF No. 2). Plaintiff's Complaint, however, fails to state a claim upon which relief may be granted and, for this reason, the Court recommends dismissal of this action with prejudice.

Upon screening Plaintiff's Complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[1] To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether the complaint sufficiently states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although

---

[1] Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff alleges that health care providers at the Nevada Orthopedic Spine Center violated his civil rights under 42 U.S.C. § 1983 by refusing him medical care. ECF No. 1-1 at 4-5. Plaintiff states the defendants acted under color of state law. However, Plaintiff pleads no facts that would support this conclusion. The Court further finds that Plaintiff, who is not incarcerated, but is a private citizen seeking medical care, will be unable to assert facts that might change his claims from purely private ones into claims violating his civil rights.[2]

Plaintiff also fails to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1) confers diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Not only does Plaintiff fail to state an amount in controversy, but he is a citizen of Nevada and each of the defendants identified are citizens of Nevada. ECF No. 1-1 at 2-3. Thus, even if the Court were to assume Plaintiff could state $75,000 in controversy upon filing an amended complaint, citizenship of the parties is not completely diverse thereby precluding diversity jurisdiction over this matter.

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that this matter be dismissed with prejudice.

DATED: May 27, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012), *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties [do] not generally act[ ] under color of state law....").

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).